

ROBERT WIRTZ, JR.
1228278 DAVID MOSS CJC
300 N. DENVER
TULSA, OK 74103

APRIL 6, 2017

HONORABLE JOHN E DOWDELL
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF OKLAHOMA
333 W. 4TH STREET, ROOM 411
TULSA, OK 74103-3819

FILED
APR 11 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

17 CV   197 CVE - TLW

RE: WIRTZ V. RIGALADO, ET. AL,
REQUEST FOR PRELIMINARY INJUNCTIVE
RELIEF, EX PARTE; LEAVE TO PROCEED
IFP AND TO PERFECT COMPLAINT

DEAR JUDGE DOWDELL:

YOUR HONOR, I AM WRITING TO YOU AFTER REVIEWING YOUR JULY 20, 2016 ORDER IN WILLIAMS V. GLANZ. I REALIZE THAT COURT RULES REQUIRE RANDOM APPOINTMENT FOR CASES BUT BELIEVE I CAN SEEK PRELIMINARY RELIEF OF THIS NATURE FROM A SPECIFIC JUDGE AND DO SO WITH YOUR HONOR BASED UPON YOUR BEING FULLY APPRISED OF THE HISTORY AND CONDITIONS HERE IN THE MEDICAL DEPT. OF THE JAIL. (I COULD BE MORE POSITIVE IF THEY HAD NOT CUT OFF ALL ACCESS TO THE LAW LIBRARY IN RETALIATION. I'VE TRIED TO GAIN ACCESS TO RESEARCH THIS FOR NEARLY A MONTH, TO NO AVAIL. THIS IS ALSO WHY I COULD NOT COMPLETE MY COMPLAINT).

I PRAY THE COURT'S PATIENCE AND WILL BE AS BRIEF AS POSSIBLE IN APPRISING YOU OF THE RELEVANT FACTS. ENCLOSED ARE MY MOTION FOR LEAVE TO PROCEED IFP AND FOR LEAVE TO PERFECT COMPLAINT, AND MOTION FOR THE PRESERVATION OF AND ACCESS TO EVIDENCE.

RELEVANT FACTS

1. I HAVE BEEN IN THE CUSTODY AND CARE OF SHERIFF RIGALADO SINCE OCT. 30, 2016. ON 12-22-16, ALTHOUGH I WAS MEDICALLY RESTRICTED TO A BOTTOM BUNK, I WAS FORCED BY STAFF TO SLEEP ON A TOP BUNK AND FELL, AGGRAVATING A SPINAL INJURY, REQUIRING A WEEK STAY AT HILLCREST MEDICAL CENTER.

2. WHEN I WAS RELEASED FROM HILLCREST, THE DOCTORS THERE SHOWED ME MY RELEASE PLAN, WHICH INCLUDED FOLLOW-UP CONSULTATIONS WITH CHRONIC PAIN SPECIALISTS AND BACK SURGEONS, WITH PRESCRIPTIONS TO CONTINUE THE PAIN MANAGEMENT MEDICATION BUT THE JAIL MEDICAL STAFF - DR. COOPER - REFUSED AND LEFT ME IN PAIN.

3. ACCORDINGLY, I BEGAN EXHAUSTING MY ADMIN. REMEDIES AND RESEARCHING THE ISSUES IN THE LAW LIBRARY. (SEE LETTERS OF 2/1, 2/21 & 2/27, 2017, ENCLOSED).

4. I ALSO REQUESTED ACCESS TO MY MEDICAL RECORDS PURSUANT TO 76 O.S. 19 BECAUSE I WANTED TO CONFRONT DR. COOPER (TURN KEY HEALTH, THE "NEW" PROVIDER HERE AT THE JAIL) WITH THE ORDERS FROM THE HILLCREST DOCTORS (TO SHOW THAT HIS LEAVING ME IN EXCRUCIATING PAIN VIOLATED THE STANDARD OF CARE) AND TO OBTAIN COPIES TO MY MEDICAL GRIEVANCES, WHICH WERE NOT BEING ANSWERED. (SEE FEBRUARY 21 & 27, 2017 LETTERS, ENCLOSED). I ALSO WANTED TO SEE IF DR. COOPER HAD PREPARED THE WRITTEN TREATMENT PLAN MANDATED BY OK. ADMIN. CODE 435: 10-7-11(2).

5. When we finally sat down with my medical records (after a month of requests) I was shocked to see numerous pages in the 200 or so documents had sections cut out with scissors. When I asked Kathy Pingleton, Records Custodian, what that was for, she advised that those were "mental health" records that she cut out with scissors. She instructed me to obtain those through mental health. I tried, by mental health advised that I had no mental health records, which made sense, since I had not been seeing anyone in that dept.

6. When I asked Ms. Pingleton to see my Hillcrest release plan (MRI report, prescriptions, consults, etc.) she advised me that, while she had them, I was not allowed to see them because they were "third party records." She stated that this was upon orders of HSA Tamara Hill. (This was on or about 2/19/17). When I asked for access to my medical grievances, she stated that those were sent to the jail's general records files and that she did not have them. I was appalled—shocked, in fact and asked her why she would violate my doctor-patient privacy rights under state law and HIPPA rights. She had no answer other than she was doing what she was told to do. (She's worked here for 7 years...)

7. I've since filed numerous grievances on the records and written letters to the Sheriff, Board of CC and Turn Key, all to no avail. Finally, I hand drafted a writ of mandamus for the Tulsa Dist. Ct. But they have me in solitary confinement in retaliation, living on the floor, eating on the floor, with no sink or running water,[1] and refuse to allow me access to the law library for the last month, so I can't get it notarized or copied. That writ is for access to all medical records. I also wish to file my complaint here for civil rights violations and, now, retaliation.

8. That although I've committed no misconduct, I am being punished with "SEG" locked in my cell in the medical unit 24/7 denied all normal rights: church, AA, law library, outdoor rec in sunlight (I haven't seen the sun in weeks and it is affecting my skin, eyes, hair, etc due to lack of Vit. D) no chair in my cell or, as stated, even running water. They ignore my grievances & requests.

-2-

---

[1] Which violates the OK Health Code, ACA standards, and the ADA. Sadly, while one would hope that the scathing report in *Williams* would have sparked an immediate effort to stop all corruption and indifference, the only change here is worse conduct in the outright retaliation consisting of further law & civil rights violations.

9. That in the course of my research, I discovered your Honor's order of 7-20-16 in Williams and was shocked to see that this same conduct was going on in my case:

- Deliberate indifference to my serious medical need
- Dr. not completing an ITP (Individual Treatment Plan)
- Medical records being tampered with
- Lack of training and professionalism. I personally witness on a daily basis abhorrent treatment. I have to get on my floor to yell through the crack in the door to beg "like a dog" for <u>water</u>. I am told to shut up, "no", "quit bugging us," etc. when I always treat with respect.

- Ex-Nurse Harrington - a hero in my view - said it right before you when she said that there is a "prevailing attitude of deliberate indifference on behalf of clinic staff." "Poor care is simply accepted as standard." "Nursing staff are routinely directed to falsify, doctor [cut up] backdate medical records." "There is an atmosphere of chaos that fosters indifference to inmate medical and mental health needs."

10. The cell I am presently in has a camera just as in Williams. (In fact, I am across the hall from the cell he died in). Although I submitted a request to the Sheriff, asking him to preserve all video, as it will show the inhumane health code violations, me begging for water, at times to be denied, having to eat on the floor without being able to wash properly, etc. (They have me here under the guise that I'm not taking my pills properly. Yet I've never not taken them and they can meet that security need by having me take my pills in front of a nurse, D.O. and on camera. Or, if they insist on 24/7 camera - far over-reaching - then put me in a cell with a sink & camera. This cell is designed for 12-36 hrs - restraint cell. I've been here 2+ weeks for nothing but seeking proper care & redress.

That my prayer here is that Your Honor will accept my motions and grant me leave to proceed pro-se; grant leave to perfect my complaint, and grant immediate preliminary injunctive relief in light of Defendants' history of tampering with/falsifying evidence. Your time and attention to this matter are truly appreciated.

Respectfully

Robert Wirth Jr.

CC: Mullan

---

Additionally, they are tampering with my legal mail (as will be proven shortly) and refuse to let me log in my outgoing legal mail. This frees their hand to do what they wish with it (destroy, copy, etc) with impunity. Fortunately, there are others like Nurse Harrington. I've hand-delivered a copy of this - hand written - as verification for Your Honor, per OIG protocol, to counsel. Thus, if you do not receive this, further proof...

Robert L. Wirtz, Jr.
1228278 David L. Moss CJC
300 N. Denver
Tulsa, OK 74103

February 1, 2017

Sheriff, Vic Regalado
300 N. Denver
Tulsa, OK 74103

Tulsa Board of
County Commissioners
500 N. Denver
Tulsa, OK 74103

RE: **DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED**

Dear Sheriff Regalado and Board:

    I am writing to you at this time to inform you of the deliberate indifference to my serious medical need that continues to inflict cruel and unusual punishment upon me here at Tulsa County Jail (David L. Moss CJC). This letter is an effort independent of my tort claim notice - filed two days ago - that addresses my fall from the top bunk and subsequent injury, pain and suffering[1]. Upon the date of my arrest on October 29, 2016, I had spinal stenosis at T-12 due to a wedge compression fracture. As a result of the chronic pain, I had been on Fentanyl, 100 microgram patches for about 8 years.

    Upon my initial examination, I advised the nursing staff of this fact and was initially told that they did not have this medication on the formulary. Instead, they prescribed Tylenol 3 for about 6 weeks. Thereafter, I suffered extreme withdrawal and debilitating pain. Initially, I saw a doctor in November who advised me that he would make a request to depart from the formulary and prescribe the fentanyl patches. Unfortunately, that doctor left and a new medical provider "Turnkey" has contracted with a doctor "Cooper" who, as a rule, advised me that he simply does not treat pain with narcotic pain medications[2]. Instead, he goes against the advice of neurologists and pain specialists that have treated me for years and, for the last two months, he has treated me with extremely large doses of *anti-seizure* medications.

    Even during my last stay at Hillcrest due to the fall from the bunk – December 22 – 30, 2016 - the doctors treated the pain with IV diladud, 1 mg every 3 hours and 100 mic. Fentanyl patches, which they directed me to "continue" for pain management. They also ordered that I follow up with specialists in chronic pain and back surgery. Neither the pain medications nor

---

[1] That claim is one where I was medically restricted to a "bottom bunk" but improperly placed on a top bunk by jail staff, resulting in my fall and injury on December 22, 2017. It is relevant here that, although the Doctors at Hillcrest recommended that I see a specialist for follow up care and pain management over a month ago, I still have not seen any such specialists and continue to suffer excruciating and debilitating pain.

[2] This is in fact Turnkey's across the board policy. When they took over at the jail, they discontinued all narcotic pain medications for nearly all prisoners.

1

follow up care have been provided. Additionally, Dr. Cooper has patently failed to comply with state and federal laws in regard to pain control. These laws include but are not limited to:

> **Okla. Admin. Code 435:10-7-11**
> **435:10-7-11. Use of controlled substances for the management of chronic pain**
> The Board has recognized that principles of quality medical practice dictate that the people of the State of Oklahoma have access to **appropriate and effective pain relief** and has adopted the following criteria when evaluating the physician's treatment of pain, including the use of controlled substances:
> (1) **Evaluation of the patient.** A medical history and physical examination must be obtained, evaluated and documented in the medical record. The medical record should document the nature and intensity of the pain, current and past treatments for pain, underlying or coexisting diseases or conditions, the effect of the pain on physical and psychological function and history of substance abuse. The medical record also should document the presence of one or more recognized medical indications for the use of a controlled substance.
> (2) **Treatment plan.** The written treatment plan should state objectives that will be used to determine treatment success, such as pain relief and improved physical and psychosocial function, and should indicate if any further diagnostic evaluations or other treatments are planned. After treatment begins, the physician should adjust drug therapy to the individual medical needs of each patient. Other treatment modalities or a rehabilitation program may be necessary depending on the etiology of the pain and the extent to which the pain is associated with physical and psychosocial impairment.

Doctor Cooper has not done an evaluation or a written treatment plan that comports to the requirements of this Code.

> **63 Okl.St.Ann. § 2-55. Appropriate pain management--high dosages of controlled dangerous drugs**
> A. Schedule II, III, IV and V controlled dangerous drugs have useful and legitimate medical and scientific purposes and are necessary to maintain the health and general welfare of the people of this state.
> B. **The State of Oklahoma recognizes that principles of quality medical practice dictate that the people of the State of Oklahoma have access to appropriate and effective pain relief.** The appropriate application of up-to-date knowledge and treatment modalities can serve to improve the quality of life for those patients who suffer from pain as well as to reduce the morbidity, and costs associated with untreated or inappropriately treated pain. The State of Oklahoma encourages physicians to view effective pain management as a part of quality medical practice for all patients with pain, acute or chronic.

This statute speaks for itself. Doctor Cooper has not recognized the fact that the law of this State recognizes that *controlled dangerous drugs have useful and legitimate medical and scientific purposes and are necessary to maintain the health and general welfare of the people of*

2

*this state* and has refused to provide me with *appropriate and effective pain relief.* Instead, he has knowingly left me in excruciating pain (a constant level of 9 to ten at time out of ten).

In Estate of Crowell ex rel. Boen v. Board of County Com'rs of County of Cleveland ,237 P.3d 134 2010 OK 5 (OK 2010), the Supreme court of Oklahoma recognized that a jail doctor's deliberate indifference to a prisoner's chronic pain indeed states a claim for cruel and unusual punishment, stating that:

> "With respect to the first element, where a prisoner establishes the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer, 511 U.S. at 834, 114 S.Ct. 1970.* A medical need is considered serious "if the failure to treat the prisoner's condition could result in further significant injury or the '**unnecessary and wanton infliction of pain.**' " *McGuckin, 974 F.2d at 1059* (quoting *Estelle, 429 U.S. at 104, 97 S.Ct. 285).* The standard for an Eighth Amendment violation contemplates "a condition of urgency" that may result in **"degeneration" or "extreme pain."** *Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998)* (quoting *Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir.1994),* cert. den., 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995)); *see also Harrison v. Barkley, 219 F.3d 132, 136–37 (2d Cir.2000)* ( "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the **unnecessary and wanton infliction of pain.**' ") (quoting *Chance, 143 F.3d at 702).*
> 14 ¶ 28 Relevant factors for determining whether a serious medical need exists include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment[4]; the presence of a medical condition that significantly affects an individual's daily activities; **or the existence of chronic and substantial pain.**" *Chance, 143 F.3d at 702* (quoting *McGuckin v. Smith, 974 F.2d at 1059–60 (9th Cir.1992),* (Emphasis added).

In my case, this continued deliberate indifference has resulted in both degeneration - a worsening of the injury - and the unnecessary and wanton infliction of pain. (None of my other doctors have *ever* left me in such pain). In the last three months, I have notified the nursing staff and Doctor here that I have had degeneration in the loss of bladder and bowel control from the debilitating pain but they have ignored this fact. The pain becomes so debilitating and spasms so severe that it causes me to have tingling in my legs and feet, numbness from my groin to me feet and, when it progresses to its worst, I suffer incontinence. It is nearly impossible to walk at times without pain and it only grows worse without proper care.

Many years ago, I had to file claims against the old Sheriff, including *Wirtz v. Glanz,* 1996 OK CIV APP 125, 932 P.2d 540[5]. Which I ultimately refiled and settled in Federal Court.

---

[4] Significantly, *every other* Doctor that has treated me for this chronic pain has prescribed Fentanyl or equivalent (or even stronger IV pain medications, such as morphine and Diladud) pain medications. Doctor Cooper is the *only* Doctor to not do so.

[5] As a side note, the holding in my opinion was overruled by the Supreme Court of Oklahoma in Court Pellegrino v. State ex rel. Cameron University ex rel. Board of Regents of State 63 P.3d 535 (OK 2003)

If you look on OSCN "Wirtz v. Glanz, you will find numerous Mandamus cases that I won or settled against the Sheriff. You may also find my resume on Morelaw.com and look at the Youtube video "Robert Wirtz Interview". Each of these disclose that I do know how to seek and obtain relief. I pray that you will remedy this and that I will not need to do so.

Sincerely,

*/s/ Robert L. Wirtz, Jr.*
Robert L. Wirtz, Jr.

Robert Wirtz, Jr.
10228278 David Moss CJC
300 N. Denver
Tulsa, OK 74103

February 21, 2017

Oklahoma State Medical Board
101 NE 51st Street
Oklahoma City, OK 73105

Turn Key Health Corp.
19 NE 50th Street
Oklahoma City, OK 73105

    I am writing to you at this time to both document and seek relief for the numerous state and federal law violations that are currently ongoing at the Tulsa County Jail (David Moss Criminal Justice Center) on behalf of the medical provider, Turn Key Health and its' employees, Dr. William Cooper, Health Services Administrator, Tama Hill and Records Custodian, Kathy Pingleton.

    The incidents giving rise this ever-broadening matter began upon my incarceration at the Tulsa County Jail on October 29th of last year. I have a T-12 wedge compression fracture from a 3 story fall in 1991. I was placed in a cast then and it fused well. I was perfectly fine for over a decade but later developed spinal stenosis in 2006. Since that time, I have been to numerous specialists and was faced with either risking a surgery or dealing with it through chronic pain management and physical therapy. I opted for the second and have been on Fentanyl, 100 mic. Patches for the last 9 years. With these, the pain level is tolerable and my standard of living is acceptable. Also, with the pain manageable, I can perform the physical therapy that also helps manage the symptoms. Dr. Cooper outright refuses to provide this pain regimen. Instead, he opts to "experiment" with other medications. Since being in their care, I have been hospitalized three times from the pain and injury and my symptoms worsen, including numbness in my legs and feet, burning in the same, tingling, and, at times, incontinence and loss of bladder control.

    When I consulted counsel and began asking for proper care, I also asked for access to my medical records. Upon being given access to my medical records, they refused to provide access to records from Hillcrest Hospital, including my last release instructions, prescriptions, and treatment plan. (This included their recommendation for a follow up with a pain specialist and back surgeon, as the doctor at Hillcrest showed me the records before I left the hospital). Mrs. Pingleton, Records Custodian, advised me that she was directed to withhold those records as "third party records" by HSA Tamara Hill. And when I asked where my numerous medical grievances were[1], she advised me that these were not maintained by her office but were given to

---

[1] These are detailed grievances where I am explaining my conditions (including incontinence and loss of bladder control, pain, etc) and citing laws and asking for specific answers. Importantly, none of the dozen medical grievances are ever answered. The computer "kiosk" system they have here sends grievances to a screening individual (that is not medical) who then sends it to medical. All of my medical grievances were answered by that

the sheriff's non-medical personnel department who maintain general grievances. I advised her that this was a violation of my medical privacy rights.

I write now to both Turn Key Offices and to the Medical Board – as well as Attorney General and counsel – to ask that these matters be promptly addressed. These include that:

1. Dr. Cooper is not providing adequate pain management in violation of two clear mandates in Oklahoma that establish the standard of care.[2]

I. Okla. Admin. Code 435:10-7-11. Use of controlled substances for the management of chronic pain, in relevant part, states: "The Board has recognized that principles of quality medical practice dictate that the people of the State of Oklahoma have access to appropriate and effective pain relief".

II. and 63 Okl.St.Ann. § 2-551. *Appropriate* pain management--high dosages of controlled dangerous drugs , in relevant part, states: "A. Schedule II, III, IV and V controlled dangerous drugs have useful and legitimate medical and scientific purposes and are *necessary* to maintain the health and general welfare of the people of this state. B. The State of Oklahoma recognizes that principles of quality medical practice dictate that the people of the State of Oklahoma have access to appropriate and effective pain relief…" (emphasis added).

2. Dr. Cooper's refusal to provide adequate pain management is cruel and unusual punishment in violation of the 8th Amendment. His refusal to provide effective pain relief is 'unnecessary and wanton infliction of pain' where there is a known "existence of chronic and substantial pain." Estate of Crowell ex rel. Boen v. Board of County Com'rs of County of Cleveland ,237 P.3d 134 2010 OK 5 (OK 2010) @ 153. (Citations omitted).

3. Dr. Cooper has not provided a written treatment plan as mandated by 435:10-7-11 (2).

4. Dr. Cooper is daily committing unprofessional conduct by knowingly failing to treat in violation of 59 O.S. § 509 (19). "Failure to provide necessary ongoing medical treatment when a doctor-patient relationship has been established". It is absolutely necessary that my chronic pain be treated effectively, which he is refusing to do in a deliberately indifferent and wanton manner.

---

person stating that the grievance was "forwarded to medical administration for review". Ms. Pingleton stated that she did not maintain that record then but returned it to general grievances with Sheriff jail staff that is non-medical. This is in double violation of the privacy rights. Medical grievances should go directly to medical and stay there. Here, they go to non-medical personnel and then are routed to medical, only to be rerouted to non-medical without ever being answered.

[2] For the three months he has "treated" me, he has experimented with anti-seizure medications, anti-depressants (that had not worked years ago as to the antidepressants) and muscle relaxers. None of these have given relief. And when I showed him these two laws and stated that the recognized standard of care in Oklahoma was that these medications were "necessary" to have "appropriate and effective pain relief", he stated that he would absolutely not prescribe these pain medications, even if the chronic pain management doctors prescribed them – as that would only be "considered" .

5. Pursuant to 59 O.S. Section 509 (15), Dr. Cooper may require a mental evaluation. It appears clear that he has "The inability to practice medicine with reasonable skill and safety to patients … … as a result of any *mental* or physical condition." Such an evaluation would delve into his reasoning for refusing to provide effective pain management in the face of such clear laws and the standard of care, knowing that I have this legitimate pain and suffer. Is he doing this sadistically?

6. ~~22~~ 76 O.S. § 19, does not limit the records I may access. In relevant part, the law states: A. 1. Any person who is or has been a patient of a doctor, hospital, or other medical institution shall be entitled, upon request, to obtain access to the information contained in the patient's medical records…" There is no limitation on third party records. The *statute is* clear and unambiguous. If they are "contained in the patient's medical record" I am entitled to access. 76 ~~22~~ O.S. § 20 states: "Any person refusing to furnish records or information required in Section 3 of this act shall be guilty of a misdemeanor."

7. Additionally, Okla. Admin. Code 435:10-7-11(6) specifically includes all reports from other doctors.

> (6) **Medical records.** Records should remain current and be maintained in an accessible manner, readily available for review. The physician should keep accurate and complete records to include:
>
> (A) the medical history and physical examination (including vital signs),
> (B) diagnostic, therapeutic and laboratory results,
> (C) evaluations, consultations and follow-up evaluations,
> (D) treatment objectives,
> (E) discussion of risks and benefits,
> (F) informed consent,
> (G) treatments,
> (H) medications (including date, type, dosage and quantity prescribed),
> (I) instructions and agreements and
> (J) periodic reviews.

Thus, the refusal to allow me to access my own records was and remains inappropriate. See also, 43A- section 1-109(B).

8. Releasing my personal medical grievances to non-medical jail staff is a violation of my privacy rights under 43A section 1-109: "all communications between a physician or licensed mental health professional as defined in Section 1-103 of this title, or a licensed alcohol and drug counselor as defined in Section 1871 of Title 59 of the Oklahoma Statutes, and a consumer are both privileged and confidential."

9. Releasing my confidential information is also a violation of my rights under 12 O.S. Section 2503(B).

      10. Releasing my confidential information is also a violation of HIPPA. 42 USC Section 1320d, subject to the penalties in 42 USC 1320d-6.

      My only objective at the outset was to obtain effective pain control.  Now I am in this quagmire.  At this time I am asking for your assistance in obtaining effective pain management, as it appears that I will be here for many more months. I would also like to have my private information kept that way and to have access to all of my medical records.

      I would like to initiate a formal complaint against Dr. cooper and to seek remedy for the HIPPA and privacy violations, as well as for the refusal to provide me access to my records. Please advise as to process and procedure.  Thank you!

Sincerely,

Robert L. Wirtz, Jr.

cc: counsel
Attorney Gen. US
Attorney Gen. OK
Civil Rights Div. DHHS
Tulsa Bd Co-Com's

4

Robert Wirtz, Jr.
10228278 David Moss CJC
300 N. Denver
Tulsa, OK 74103

February 27, 2017

Turn Key Health Corp.
19 NE 50th Street
Oklahoma City, OK 73105

    I am writing this request to the medical department at Tulsa county Jail in conjunction with my letter of February 21, 2017 in effort to avoid filing independent lawsuits for mandamus and for criminal penalties for HIPPA, privacy violations, and for refusal to allow me access to all of my medical records. I must make clear that all I have ever sought is to have adequate pain control for my chronic pain. This is the last in a long and well-documented list of efforts to have the relevant laws followed in regard to my medical care and privacy rights. In order to be well-apprised of this matter, I am asking that the February 21, 2017 – a copy of which is herewith – be reviewed so that the facts and relevant laws are clearly delineated.

    For the sake of clarity, I am enumerating each issue and ask that each be addressed, in writing. (Significantly, none of my numerous medical requests have ever been answered - including specific grievances, "sick calls and written letters). Would you please answer, in writing, the following requests:

    1. I am requesting that Dr. Cooper immediately begin to provide adequate and effective pain relief in conformance with the standard of care as established by Oklahoma Admin. Code 435:10-7-11 and 63 Okl.St.Ann. § 2-551. As the Supreme Court of Oklahoma stated in <u>Lounds v. State ex rel. Department of Veteran's Affairs</u>, 255 P.3d 460 @ ¶ 19, citing <u>Morgan v. Gillilean Health Enterprises, Inc</u>. 1998 OK 130, 977 P.2d 357, 362 and <u>Whitaker v. Hill Nursing Home, Inc</u>, 2009 OK CIV APP 41, 210 P.3d 877, the standard of care is "shaped and *determined*" by the provisions of these laws.

    2. I am requesting a copy of Turn Key's Health Services Manual. Especially, the Urgent Care Procedures and Chronic Care procedures. I also need to see the approved formulary list of chronic pain medications allowed by Turn Key.

    2. I am requesting access to *all* of my medical records, including all of my medical grievances and all of the records from any other hospital or doctor that are in the file. See Okla. Admin. Code 435:10-7-11(6); 22 O.S. § 19 and 43A O.S. section 1-109(B). If I am not allowed such access, I will be filing a petition for writ of mandamus for such access and a complaint and affidavit in support of probable cause with the District Attorney and Attorney General pursuant to 22 O.S. § 20.

1

  3. I am requesting that my medical records be *kept confidential* and that all medical grievances be placed directly into and kept in my *medical* file. See 12 O.S. Section 2503(B). and HIPPA. 42 USC Section 1320d et. Seq..

  4. I am requesting a copy of my written treatment plan pursuant to Oklahoma Admin. Code 435:10-7-11 (2).

  Would HSA Tamara Hill or Dr. Cooper or Records Custodian, Mrs. Pingleton, or all of you jointly, please answer each of these requests in writing before the week's end. In the spirit of cooperation, and in effort to obtain relief, I will wait until then before taking any further action. I thank you in advance for your time and attention to this matter.

Sincerely,

Robert L. Wirtz, Jr.

cc: counsel
Turn Key Health
Tulsa County Board County Comr's.
Attorney Gen. US
Attorney Gen. OK
Civil rights Division
Department of Health and Human Services

2

17 CV - 197 CVE - TLW

ROBERT WIRTZ
1228278 DAVIS POST CJC
300 N. DENVER
TULSA, OK 74103

RECEIVED
APR 11 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

- CONFIDENTIAL -
- LEGAL MAIL -

TULSA, OK 741
D.L. MOSS
19 ACSO 2017
FIRST CLASS MAIL
$000.88
NEOPOST
04/07/2017
US POSTAGE
ZIP 74103
041M11276649

HONORABLE JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE
333 WEST 4TH STREET
TULSA, OK 74103-3819

74103383819 0086